IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES ANDERSON, LAUNTE BARNES, MARCUS D. JACKSON, TAARIG PATEL, FREDERICK TOUSSAINT and DONALD WALLACE,<br><br>  Plaintiff,<br><br>  v.<br><br>THE VALSPAR CORPORATION,<br><br>  Defendant.[1] | 2:10-cv-03182-GEB-EFB<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled for April 11, 2011, is vacated since the parties' Joint Status Report filed on March 28, 2011 ("JSR") indicates that the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiffs have not justified Doe defendants remaining in this action, Does 1-100 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed November 24, 2010, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

///

---

[1] The caption has been amended according to the Dismissal of Doe Defendants and Dismissal of Jennifer Pierre portions of this Order.

1

1 <u>DISMISSAL OF JENNIFER PIERRE</u>

2 Plaintiffs state in the JSR that "[they] have decided not to
3 proceed against the individual Defendant Jennifer Pierre." (ECF No. 6,
4 4:22-23.) Therefore, Jennifer Pierre is dismissed as a defendant.

5 <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

6 No further service, joinder of parties or amendments to
7 pleadings is permitted, except with leave of Court for good cause shown.

8 <u>DISCOVERY</u>

9 Non-Expert discovery shall be completed by March 16, 2012.
10 Expert discovery shall be completed by September 19, 2012. In this
11 context, "completed" means that all discovery shall have been conducted
12 so that all depositions have been taken and any disputes relative to
13 discovery shall have been resolved by appropriate orders, if necessary,
14 and, where discovery has been ordered, the order has been complied with
15 or, alternatively, the time allowed for such compliance shall have
16 expired.

17 Each party shall comply with Federal Rule of Civil Procedure
18 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or
19 before May 18, 2012, and any contradictory and/or rebuttal expert
20 disclosure authorized under Rule 26(a)(2)(c)(ii) on or before June 19,
21 2012.

22 <u>MOTION HEARING SCHEDULE</u>

23 The last hearing date for motions shall be November 19, 2012,
24 at 9:00 a.m.[2]

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1 Motions shall be filed in accordance with Local Rule 230(b).
2 Opposition papers shall be filed in accordance with Local Rule 230(c).
3 **Failure to comply with this local rule may be deemed consent to the**
4 **motion and the Court may dispose of the motion summarily.** Brydges v.
5 Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely
6 oppose a summary judgment motion may result in the granting of that
7 motion if the movant shifts the burden to the nonmovant to demonstrate
8 a genuine issue of material fact remains for trial.  Cf. Marshall v.
9 Gates, 44 F.3d 722 (9th Cir. 1995).

10 The parties are cautioned that an untimely motion
11 characterized as a motion in limine may be summarily denied.  A motion
12 in limine addresses the admissibility of evidence.

13                        FINAL PRETRIAL CONFERENCE

14 The final pretrial conference is set for January 21, 2013, at
15 11:30 a.m.  The parties are cautioned that the lead attorney who WILL
16 TRY THE CASE for each party shall attend the final pretrial conference.
17 In addition, all persons representing themselves and appearing in
18 propria persona must attend the pretrial conference.

19 The parties are warned that **non-trial worthy issues could be**
20 **eliminated *sua sponte*** "[i]f the pretrial conference discloses that no
21 material facts are in dispute and that the undisputed facts entitle one
22 of the parties to judgment as a matter of law." Portsmouth Square v.
23 S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

24 The parties shall file a **JOINT** pretrial statement no later
25 than seven (7) calendar days prior to the final pretrial conference.[3]

26 _____

27 [3] The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
28 does not excuse the other parties from their obligation to timely file
(continued...)

3

1  The joint pretrial statement shall specify the issues for trial,
2  including a description of each theory of liability and affirmative
3  defense, and shall estimate the length of the trial.[4]  The Court uses the
4  parties' joint pretrial statement to prepare its final pretrial order
5  and could issue the final pretrial order without holding the scheduled
6  final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833
7  (7th Cir. 1999) ("There is no requirement that the court hold a pretrial
8  conference.").

9         If possible, at the time of filing the joint pretrial
10 statement counsel shall also email it in a format compatible with
11 WordPerfect to: geborders@caed.uscourts.gov.

                              TRIAL SETTING

13        Trial shall commence at 9:00 a.m. on April 23, 2013.
14        IT IS SO ORDERED.

15 Dated:  April 4, 2011

17                              _____
                                GARLAND E. BURRELL, JR.
18                              United States District Judge

---

24   [3](...continued)
25 the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
26 document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.
27
       [4]   If a trial by jury has been preserved, the joint pretrial
28 statement shall also state how much time each party desires for voir
   dire, opening statements, and closing arguments.

4