IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOSES ANDERSON, LAUNTE BARNES, MARCUS D. JACKSON, FREDERICK TAUSSAINT, and DONALD WALLACE,<sup>*</sup><br><br>            Plaintiffs,<br><br>     v.<br><br>THE VALSPAR CORPORATION, a Delaware Corporation; JENNIFER PIERRE, a California Resident; and DOES 1 through 100, inclusive,<br><br>            Defendants.<br>_____ | 2:10-cv-03182-GEB-EFB<br><br><u>ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF MOSES ANDERSON'S CLAIMS</u>\*\* |

Defendant The Valspar Corporation moves to dismiss with prejudice Plaintiff Moses Anderson's claims under Federal Rule of Civil Procedure ("Rule") 25, because "well over ninety days have passed since the suggestion of [Anderson's] death was filed" on the record and served by mail on Anderson's successor and yet "[n]o motion for substitution has been made with respect to Plaintiff Anderson." (Def.'s Partial Mot.

---

\* The caption has been amended to reflect the dismissal with prejudice of Plaintiff Taarig Patel on March 28, 2012 pursuant to the parties' stipulation in ECF No. 10 and Federal Rule of Civil Procedure 41(a)(1)(ii).

\*\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

to Dismiss ("Mot.") 2:12-13.) Anderson's successor does not oppose the Motion.

> Rule 25(a)(1) provides that:
>
> If a party dies and the claim is not extinguished, . . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Pro. 25(a)(1). To trigger the statutory 90-day period for substitution motions, "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In California, "service of a summons by mail . . . is valid only if a signed acknowledgment is returned . . . or a copy is also left at the person's office or dwelling." Id. at 234 (citations omitted). Here, Defendant states that it mailed the suggestion of death to Anderson's widow via the United States Postal Service, but it does not allege that it received an acknowledgment of receipt or that it left a copy at Anderson's successor's office or dwelling. (ECF No. 12, 2:14-16; ECF No. 10, 3:5-14.) "Thus, service of the suggestion of death was not made 'pursuant to the law of the state . . . for the service of a summons'" as is required by Rule 4(e)(1). Barlow, 39 F.3d at 234-35. As a result, the 90-day period for filing a motion for substitution was not triggered, and Defendant's Partial Motion to Dismiss is, accordingly, DENIED.

Dated: October 9, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2